FILED

**NOT FOR PUBLICATION**

OCT 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANA FINANCIAL, INC., a California corporation, | No. 08-55243 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. CV-07-01534-PA |
| v. | MEMORANDUM[*] |
| HANA BANK, a Korean corporation and HANA FINANCIAL GROUP, a Korean corporation, | |
| Defendants-counter-claimants - Appellees. | |

| | |
|---|---|
| HANA FINANCIAL, INC., a California corporation, | No. 08-55244 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. CV-07-01534-PA |
| v. | |
| HANA BANK, a Korean corporation and HANA FINANCIAL GROUP, a Korean corporation, | |
| Defendants-counter-claimants - Appellants. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued October 7, 2009
Resubmitted October 4, 2010
Pasadena, California

Before: PREGERSON, REINHARDT and WARDLAW, Circuit Judges.

Hana Financial, Inc. ("Hana Financial") appeals the district court's grant of summary judgment in favor of a family of companies also bearing the "Hana" name, Hana Financial Group and Hana Bank ("Hana Bank"),  on its trademark infringement claim, based on its finding that Hana Bank established priority of use over the "Hana" mark.  Hana Bank cross-appeals the grant of summary judgment in favor of Hana Financial on its counterclaim alleging that Hana Financial fraudulently procured a registration of the "Hana" mark. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

**I.**

The district court improperly granted summary judgment in favor of Hana Bank. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000).  To establish priority of use, Hana Bank was required to demonstrate that it continuously used the mark in commerce prior to Hana

2

Financial's use of the mark. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1159 (9th Cir. 2001).

Hana Financial's use of the "Hana" mark in commerce dates back to April 1, 1995. Hana Bank alleges that is has priority of use over the "Hana" mark because it began using the mark in 1994. Hana Bank relies upon an advertisement, dated July 14, 1994, in which it used the mark. While relevant, the advertisement does not, standing alone, establish "first use" for purposes of our priority analysis. *See New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1200 (9th Cir. 1979) ("[M]ere advertising by itself may not establish priority of use . . . .").

Recognizing that the advertisement itself was insufficient, Hana Bank attempted to meet its burden to show that the "Hana" mark was sufficiently used in United States commerce by presenting customer applications, newsletters bearing the "Hana" mark, and documents that purport to show that services were available to its Hana Overseas Club members in July 1994 and the amount of business these customers transacted over the years. Although this evidence is relevant to the determination of whether Hana Bank's use of the "Hana" mark in 1994 was sufficient to establish commercial use in the United States, it is either subject to competing inferences or inadmissible. For example, Hana Bank only provided one customer application from a customer in the United States that is dated before

3

Hana Financial's registration date. That application, however, is subject to the inference that the customer actually resided in Korea. Further, Hana Bank failed to provide the proper foundation for admission of many of its supporting documents as business records. Accordingly, these documents constitute inadmissible hearsay and may not be relied on at summary judgment. *See* Fed. R. Evid. 803(6); *Sea-Land Serv., Inc. v. Lozen Intern.*, 285 F.3d 808, 819–20 (9th Cir. 2002).

After disregarding the inadmissible documents and the portions of the declarations referring to those documents and viewing the remaining evidence in the light most favorable to Hana Financial, *see Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 918–19 (9th Cir. 2009), we hold that genuine issues of material fact remain. These issues include the number of customers Hana Bank had in the United States, when Hana Bank began providing services to those customers, and how much business these customers transacted over the years. *See Teletrac*, 242 F.3d at 1159 (finding that the relevant factors for determining whether a mark has been sufficiently used in commerce include "the genuineness and commercial character" of the activity, "the degree of ongoing activity" using the mark, and "the amount of business transacted"). Nor can Hana Bank meet its burden to show the absence of any triable issue on these points by reference to the general, uncorroborated statements contained in many of its declarations. *Cf. Dubois v.*

4

*Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006). Accordingly, we conclude that, on this record, Hana Bank has failed to establish its priority over use of the "Hana" mark as a matter of law and we remand for trial.

## II.

The district court properly granted summary judgment in favor of Hana Financial as to Hana Bank's counterclaim for fraudulent procurement. Hana Bank's counterclaim against Hana Financial alleges that Hana Financial acquired its registration of the "Hana" service mark fraudulently, as Hana Financial knew of Hana Bank's superior trademark rights. The district court concluded that Hana Bank failed to raise a triable issue that Hana Financial's founders signed the registration application with the requisite knowledge and fraudulent intent. We agree.

Hana Bank introduced evidence showing that Hana Financial's founders were aware of Hana Bank and its use of "Hana." However, Hana Financial's mere knowledge of a competing use of the mark is insufficient to establish the requisite fraudulent intent. *See Quicksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006). Rather, knowledge of another's "superior or clearly established right" is required, and here, Hana Bank has failed to proffer any evidence from which it

5

can be inferred that Hana Financial knew or believed that Hana Bank had a superior right to the use of the "Hana" mark in United States commerce. *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203, 1206–07 (T.T.A.B. 1997). Accordingly, we affirm the district court's grant of summary judgment to Hana Financial.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part.**

Hana Financial, Inc. v. Hana Bank, et al.  08-55243/08-55244

Reinhardt, Circuit Judge, concurring in part and dissenting in part

I concur in the majority's affirmance of the grant of summary judgment to Hana Financial with respect to Hana Bank's counter-claim for fraudulent registration of the mark "Hana." I agree that the record does not reflect a genuine issue of fact as to Hana Financial's requisite knowledge and fraudulent intent.

I dissent from the majority's reversal of summary judgment in favor of Hana Bank on Hana Financial's claim for infringement of the mark. I disagree with the majority that Hana Bank has failed to adduce sufficient admissible evidence to establish its priority of use of the mark.